IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**ROBERT WELLS**                                                                                  **PLAINTIFF**

**VS.**                                                      **CIVIL ACTION NO. 1:19-cv-00914-KS-RHW**

**YORK RISK SERVICES GROUP, INC.,**
**STARNET INSURANCE COMPANY AND**
**FICTITIOUS DEFENDANTS ABC, DEF, GHI,**
**JKL, MNO, PQR, STU, and VWX**                                     **DEFENDANTS**

<u>**YORK RISK SERVICES GROUP, INC.'S**</u>
<u>**MOTION TO DISMISS OR, ALTERNATIVELY, TO STAY**</u>

      Defendant York Risk Services Group, Inc. ("York") moves to dismiss this action on two separate grounds. First, under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction because Plaintiff failed to exhaust his administrative remedies with the Mississippi Workers' Compensation Commission before filing this lawsuit. And, second, under Rule 12(b)(6) for failure to state a claim upon which relief can be granted because the Complaint failed to plead facts upon which Plaintiff could establish any negligence, gross negligence, breach of contract, breach of fiduciary duty, or intentional infliction of emotional distress against York. Thus, the Court should dismiss those claims against York or, in the alternative, stay the case pending resolution of the underlying workers' compensation case.

      1.       Plaintiff's Complaint alleges that he worked as a fitter for B-Line Fabrication Co., LLC and suffered a workplace injury to his right wrist, hand, and shoulder on or about February 12, 2018. (Compl. ¶ 8). Starnet Insurance Company, B-Line's worker's compensation insurance carrier, was informed of the injury and approved coverage of the claim. (Compl. ¶ 8). Starnet

then assigned York to administer the claim. (Compl. ¶ 9).[1]

2.  The Complaint alleges that York improperly delayed or denied various treatments related to Plaintiff's workplace injury. (Compl., ¶¶ 21-22). As result, Plaintiff initiated a Petition to Controvert with the Mississippi Workers' Compensation Commission "regarding his right upper extremity injury, more specifically, his right wrist on or about May 11, 2018." (Compl. ¶ 11). Over the past 18 months, Plaintiff continues to undergo medical treatment for his workplace injuries and work with the York's claims adjuster to ensure all compensable medical treatments are properly authorized and paid. The Commission has neither adjudicated all disputes between the Parties related to Plaintiff's workplace injury, nor has the Commission issued a final order concluding the matter.[2]

3.  On October 15, 2019, Plaintiff Robert Wells filed his Complaint against the workers' compensation insurance carrier, Starnet, and claims administrator, York, in the County Court of Harrison County, Mississippi, Second Judicial District, which the Defendants timely removed to this Court. [Doc. # 1]. Plaintiff's Complaint alleges causes of action that include (1) negligence and gross negligence, (2) breach of contract, (3) bad faith breach of contract, (4) breach of fiduciary duty, and (5) intentional infliction of emotional distress. (Compl. ¶¶ 52-77).

4.  Defendant York now moves this Court to dismiss all claims against it for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) for failure to exhaust administrative remedies. Alternatively, Defendant York requests a stay of the case until Plaintiff

---

[1] Sedgwick Claims Management Services, Inc. ("Sedgwick") recently acquired York Risk and, therefore, any claims that Plaintiff may assert against Sedgwick fail for the same reasons as Plaintiff's claims against York.

[2] York has attached a current copy of the docket sheet for Plaintiff's worker's compensation case to its Motion as "Exhibit A."

has exhausted his administrative remedies.

5.  "The Mississippi Workers Compensation Law provides that workers' compensation is the exclusive remedy available to an employee suffering an injury that arises out of and in the course of employment." *Pilate v. Am. Fed. Ins. Co*., 865 So. 2d 387, 391 (Miss. 2004). However, "the exclusive remedy provision does not bar an injured employee's common law tort action against an insurance carrier for the commission of an intentional tort independent of the accident compensable under the workers' compensation scheme." *Id.* **But, the Plaintiff must exhaust his administrative remedies before bringing such an action.** *Hardaway v. Howard Indus., In*c., 211 So. 3d 718, 719 (Miss. Ct. App. 2016). Until Plaintiff brings his current disputes before the Commission for their review, he has failed to fulfill this mandatory prerequisite to filing this bad faith action. Therefore, Plaintiff's claims must be dismissed or, in the alternative, stayed until the underlying matters before the Commission are concluded.

6.  York also moves to dismiss most of claims against it for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Plaintiff alleges a breach of contract, but he has no contract with York. He alleges a claim of negligence that is prohibited by Mississippi law under these circumstances. *See Chapman v. Coca Cola Bottling Co*., 180 So. 3d 676, 683 (Miss. Ct. App. 2015). He failed to allege facts that could prove that York acted with gross negligence. He has alleged a breach of fiduciary duty where there is no such duty. *Id*. And he offers no facts demonstrating that York intentionally caused him emotional distress – and certainly not under the high standards set by Mississippi law. *Orr v. Morgan*, 230 So. 3d 368, 376 (Miss. Ct. App. 2017). Therefore, those claims should be dismissed under Rule 12(b)(6).

7.  Pursuant to Local Uniform Rule 7(b)(2), York attaches to this Motion the current docket sheet from Plaintiff's Mississippi Workers' Compensation case which shows there has

been no final adjudication in the Workers' Compensation matter. York will separately file its Memorandum in Support.

WHEREFORE, PREMISES CONSIDERED, Defendant York Risk Services Group, Inc. prays that the Court issues an order (1) dismissing Plaintiff's case for failure to exhaust his administrative remedies or, in the alterative, staying this case until the underlying worker's compensation dispute has been resolved, and (2) dismissing Plaintiff's negligence, gross negligence, breach of contract, breach of fiduciary duty, and intentional infliction of emotional distress claims against York.

Respectfully submitted on December 18, 2019.

YORK RISK SERVICES GROUP, INC.,
Defendant

*/s/ H. Barber Boone*
H. Barber Boone (MSB No. 102266)
W. Mackin Johnson (MSB No. 104285)
Cameron L. Fields (MSB No. 105533)
BUTLER SNOW LLP
1020 Highland Colony Parkway
Suite 1400
Ridgeland, Mississippi 39157
Tel.: (601) 985-4530
Fax: (601) 985-4500
Email: barber.boone@butlersnow.com
       cameron.fields@butlersnow.com
       mackin.johnson@butlersnow.com

ITS ATTORNEYS

## CERTIFICATE OF SERVICE

I, H. Barber Boone, do hereby certify that I have this day caused a true and correct copy of the foregoing instrument to be served via the Court's electronic filing system on all attorneys of record.

SO CERTIFIED, this the 18th day of December, 2019.

*/s/ H. Barber Boone*
H. BARBER BOONE