# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**ROBERT WELLS**                                                                                **PLAINTIFF**

v.                                            **CIVIL ACTION NO. 1:19-CV-914-KS-RHW**

**YORK RISK SERVICES GROUP, INC.,** *et al.*                      **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

For the reasons below, the Court **grants** Defendant York Risk Services Group, Inc.'s Motion to Dismiss [8]. Plaintiff's claims against York are **dismissed without prejudice**.

## I. BACKGROUND

Plaintiff was injured while working, and he underwent a series of medical procedures and received prescriptions for certain medications. Defendant Starnet Insurance Company provided worker's compensation insurance to Plaintiff's employer, and Defendant York Risk Services Group, Inc. serviced the policy for Starnet. Plaintiff claims that Defendants denied him medical benefits to which he was entitled, causing him to suffer significant damages. He filed this lawsuit, asserting claims of negligence and gross negligence, breach of contract, bad faith, breach of fiduciary duty, and intentional infliction of emotional distress against them. York filed a Motion to Dismiss [8], to which Plaintiff did not respond. The motion is ripe for the Court's review.

## II. DISCUSSION

Defendant argues that Plaintiff's claims against it should be dismissed because Plaintiff failed to exhaust his administrative remedies before the Mississippi Workers' Compensation Commission ("MWCC"). "[A] case may be dismissed without prejudice for failure to exhaust administrative remedies under Rule 12(b)(6)." *Whitehead v. Zurich Am. Ins. Co.*, 348 F.3d 478, 480 (5th Cir. 2003).

To survive a motion to dismiss under Rule 12(b)(6), the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Great Lakes Dredge & Dock Co. LLC v. La. State*, 624 F.3d 201, 210 (5th Cir. 2010). "To be plausible, the complaint's factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (punctuation omitted). The Court must "accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." *Id.* But the Court will not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* Likewise, "a formulaic recitation of the elements of a cause of action will not do." *PSKS, Inc. v. Leegin Creative Leather Prods., Inc.*, 615 F.3d 412, 417 (5th Cir. 2010) (punctuation omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009).

The Mississippi Workers' Compensation Act is the "exclusive remedy available to an employee who suffers an injury on the job." *Whitehead*, 348 F.3d at 481 (citing MISS. CODE ANN. § 71-3-9). Although the law bars an injured employee from suing his

employer's insurance carrier for negligent failure to pay workers' compensation benefits, it does not "prevent the employee's action against the carrier for the commission of an intentional tort independent of the compensable injury," such as bad faith. *Id.* (citing *S. Farm Bureau Cas. Ins. v. Holland*, 469 So. 2d 55, 59 (Miss. 1984)). However, the Mississippi Supreme Court "has required the exhaustion of the administrative remedial process before an intentional tort claim against a carrier can be brought." *Id.* (citing *Walls v. Franklin Corp.*, 797 So. 2d 973, 977 (Miss. 2001)).

It appears to be undisputed that Plaintiff has not exhausted his remedies before the MWCC. Under Mississippi law, exhaustion of administrative remedies is a "mandatory condition precedent to the maintaining of a bad faith suit for an allegedly wrongful denial of any workers' compensation benefits." *Id.* Therefore, the Court must grant Defendant's motion to dismiss.

### III. CONCLUSION

For the reasons provided above, the Court **grants** Defendant York Risk Services Group, Inc.'s Motion to Dismiss [8]. Plaintiff's claims against York are **dismissed without prejudice**.

SO ORDERED AND ADJUDGED this 6th day of April, 2020.

/s/ Keith Starrett
KEITH STARRETT
UNITED STATES DISTRICT JUDGE